

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON LEON BIBBS,<br><br>                Petitioner,<br><br>v.<br><br>C.D.C.R.,<br><br>                Respondent. | Case No.:  3:26-cv-1158-CAB-AHG<br><br>**ORDER DISMISSING CASE AS MOOT** |

On February 13, 2026, Petitioner Brandon Lee Bibbs, an inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.]  The Court dismissed the action without prejudice because Petitioner failed to satisfy the filing fee requirement. [Doc. No. 2].  The Court gave Petitioner until April 10, 2026 to have his case reopened by either paying the filing fee or submitting a motion to proceed *in forma pauperis*. [*Id*].  On April 7, 2026, Petitioner paid the $5.00 filing fee and as such the Court **ORDERS** the case **REOPENED**.  Upon review of the Petition, however, the Court finds the action must be dismissed as moot.

On June 3, 2026, Petitioner filed a notice of change of address indicating that he has been released from state custody.  [Doc. No. 4.]  A habeas petition may become moot when a petitioner who sought release from custody as the primary relief for his habeas petition is released from custody.  *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997)

("Because [the petitioner] has been released . . ., we can no longer provide him the primary relief sought in his habeas corpus petition."). However, "if a petitioner challenges the validity of his underlying conviction, the collateral consequences of that conviction may be sufficient to overcome mootness despite his subsequent release from prison." *Id*. at 1098.

Here, in his only ground for relief, Petitioner seeks "immediate release" from custody because, he alleges, he was committed to the custody of the California Department of Corrections and Rehabilitation "without a certified cop[y] [of his] judgment of conviction record (abstract or minute order), which results in an illegal custody." [Doc. No. 1 at 5.] Petitioner does not challenge, or even reference, his underlying criminal conviction. Because Petitioner indicates he has been released from custody, [*see* Doc. No. 4], he has received the primary relief sought in his petition. Therefore, the case is **DISMISSED** as moot.

**IT IS SO ORDERED**.

Dated:  June 15, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge