**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

BRANDON LEON BIBBS,
Petitioner,
v.
C.D.C.R.,
Respondent.

Case No.: 3:26-cv-1158-CAB-AHG

**ORDER:**
**(1) GRANTING MOTION FOR RECONSIDERATION [Doc. No. 6]; AND**

**(2) DISMISSING PETITION WITH PREJUDICE AS SUCCESSIVE**

On February 13, 2026, Petitioner Brandon Lee Bibbs, an inmate then incarcerated at Centinela State Prison and proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] The Court dismissed the action without prejudice because Petitioner failed to satisfy the filing fee requirement. [Doc. No. 2.] Petitioner paid the filing fee on April 7, 2026 and the case was reopened. [Doc. Nos. 4, 5.] On June 3, 2026, however, Petitioner filed a notice of change of address indicating that he had been released from state prison. [Doc. No. 4.] The Court thereafter dismissed the Petition as moot because it appeared Petitioner was no longer in custody. [*See* Doc. No. 5 at 1–2 (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because [the petitioner] has been released . . ., we can no longer provide him the primary relief sought

in his habeas corpus petition.”)).]

On July 9, 2026, Petitioner filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b). [Doc. No. 6.] Petitioner seeks reconsideration of the dismissal of the Petition as moot because, while he has been released from prison, he is currently on parole and as such, still “in custody” for purposes of habeas relief. [*Id.* at 1–2.]

## I. MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Here, Petitioner is correct that a habeas petitioner who is on parole is in “constructive custody” for habeas purposes. The Supreme Court held that a paroled convict is “in custody” for purposes of a habeas petition. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Therefore, because Petitioner has informed the Court he is now in constructive custody, the Court **GRANTS** his request for reconsideration of the dismissal of his petition as moot. *See* Fed. R. Civ. P. 60(b)(6).

## II. SUCCESSIVE PETITION

The Court, however, must dismiss the Petition as successive because Petitioner is seeking to challenge his sentence arising from the same conviction and sentence he challenged in at least one prior federal habeas petition.[1] Petitioner sought federal habeas

[1] Petitioner has additionally filed several other habeas petitions pursuant to 28 U.S.C. § 2254. *See, e.g.*, *Bibbs v. United States*, No. 20-cv-4222-JVS-kk (C.D. Cal. May 2020); *Brandon Leon Bibbs v. Alex Villanueva*, No. 20-cv-3728-JVS-kk (C.D. Cal. Sept. 2020); *Brandon Leon Bibbs v. Los Angeles Sheriff*

relief pursuant to 28 U.S.C. § 2254 from his conviction in Los Angeles County Superior Court Case No. VA134204 in the United States District Court for the Central District of California and the petition was denied on the merits on February 7, 2023. *See Bibbs v. Andre*, No. 22-cv-4330-JBS-JPR (C.D. Cal. Feb. 7, 2023). Petitioner appealed to the United States Court of Appeals for the Ninth Circuit, but the court declined to issue a certificate of appealability. *See Bibbs v. Andrew*, No. 23-55295 (9th Cir. May 10, 2024). Thus, unless Petitioner shows he has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition. *See* 28 U.S.C. § 2244(b); *see also Bibbs v. Madden*, No. 24-7054 (9th Cir. Dec. 19, 2024) (denying Bibbs's application to file second or successive § 2254 habeas petition). As such, the Court **DISMISSES** the Petition as successive.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b), [Doc. No. 6], but **DISMISSES** the Petition as successive. Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition.

Further, when a district court dismisses a petition on procedural grounds, it must issue a Certificate of Appealability if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in

*Dept.*, No. 20-cv-2308-JVS-kk (C.D. Cal. Mar. 2021); *Brandon Bibbs v. Los Angeles Sheriff Dept.*, No. 21-cv-3947-JVS-kk (C.D. Cal. May 2021).

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, the Court finds Petitioner cannot make the requisite showing that jurists of reason would find this procedural ruling debatable. As such, a certificate of appealability is **DENIED**. *See* Rules Governing § 2254 Cases, Rule 11(a) (requiring the district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability).

It is **SO ORDERED**.

Dated: August 10, 2026

Hon. Cathy Ann Bencivengo
United States District Judge